UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John Pakala,<br><br>                             Plaintiff<br><br>V.<br><br>U.S. District Court Judge, et al.,<br><br>                             Defendants | Case No. 2:23-cv-00577-CDS-NJK<br><br>**Order Transferring and Closing Case** |

Plaintiff, a pro se inmate who is incarcerated at the Clark County Detention Center in Las Vegas, Nevada, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and/or 28 U.S.C. § 2255 because he does not know which one to pursue. ECF No. 1-1. Plaintiff did not submit an application to proceed *in forma pauperis* or pay the $402 filing fee for a civil action. *See* ECF No. 1.

Plaintiff sues Doe U.S. District Court Judge of Record in Memphis, Tennessee; Doe Federal Prosecutor of Record in Memphis, Tennessee; U.S. Marshal's Service in Riverside, California; Doe Warden of Record in Adelanto, California; and Federal Public Defender Tyrone Paylor in Memphis, Tennessee. ECF No. 1-1 at 2. Based on the allegations in the complaint, plaintiff was originally sentenced in the Western District of Tennessee and alleges that he overserved his sentenced, was rearrested by mistake, and thrown back in prison. *See generally* ECF No. 1-1. Plaintiff raises issues with his sentence, credits, and how his supervised release was handled. *See id.* Based on the allegations, his only ties to Nevada are that after being released he had to make his way home to Las Vegas on his own and that at one point he had to stay at the Nevada Southern Detention Center in Pahrump, Nevada. *See id.*

Pursuant to 28 U.S.C. § 1391(b), a plaintiff may bring an action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this

section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Pursuant to 28 U.S.C. § 1406, if a case has been filed in the wrong district or division, the district court in which the case has been incorrectly filed may "transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

I find that the District of Nevada is not the appropriate venue for this action. Plaintiff appears to have been convicted and sentenced in the United States District Court for the Western District of Tennessee and the majority of plaintiff's defendants reside in that district. Thus, I direct the Clerk of the Court to transfer this action to the United States District Court for the Western District of Tennessee, Western Divisional Office, in Memphis, Tennessee. I offer no opinion on the merits of this action or on the matter of the filing fee.

For the foregoing reasons, I order that the Clerk of the Court transfer this case to the United States District Court for the Western District of Tennessee, Western Divisional Office, in Memphis, Tennessee, and close the case in this district.

DATED: April 25, 2023

_____
UNITED STATES DISTRICT JUDGE